UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Karen Sue Merdan,** | **Civil No. 10-CV-2376 (SRN/SER)** |
| **Plaintiff,** | **MEMORANDUM AND ORDER** |
| v. | |
| **Michael J. Astrue,** | |
| **Defendant.** | |

James H. Greeman, Greeman Toomey, PLLC, 250 Marquette Avenue, Suite 1380, Minneapolis, Minnesota 55401, for Plaintiff.

Lonnie F. Bryan, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau dated July 22, 2011 [Doc. No. 22]. In the R&R, Magistrate Judge Rau recommended that this Court grant Plaintiff's Motion for Summary Judgment in part and deny it in part, and deny Defendant's Motion for Summary Judgment. Defendant filed timely objections to the R&R [Doc. No. 23], and Plaintiff responded to those objections. [Doc. No. 24].

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**I.     BACKGROUND**

The full factual background of this Social Security matter is set forth in the thorough R&R and will not be repeated here.  Briefly, Plaintiff Karen Sue Merdan applied for Social Security disability insurance benefits for an alleged disability with an onset date of March 1, 2005.  Her disabilities include Type II diabetes mellitus, hypertension, asthma, fatigue, obesity, and, most relevant to the instant analysis, anxiety disorder and depression.

As required by statute, the Commissioner convened a hearing before an Administrative Law Judge ("ALJ") to determine whether Plaintiff should receive benefits.  At this hearing, the ALJ heard testimony from various medical and vocational experts.  All of these experts focused on Plaintiff's physical limitations.  There was some discussion of Plaintiff's mental condition, but that discussion was secondary to the discussion of Plaintiff's physical issues.  Nevertheless, the ALJ determined that Plaintiff's anxiety disorder and depression constituted a substantial impairment.  However, the ALJ ultimately determined that Plaintiff was not disabled within the meaning of the statute and regulations, and that she was therefore not entitled to disability benefits.

At the hearing, Plaintiff requested that the ALJ order a consultative examination on Plaintiff's mental impairments, to allow for a full development of the record as to those impairments.  The ALJ declined to order a consultative examination, and it is with that decision that Plaintiff takes issue in her appeal to this Court.  Plaintiff contends that, although the ALJ conceded that Plaintiff's mental impairments were substantial, there was no evidence in the record from which the ALJ could determine how Plaintiff's substantial mental impairments affected her Residual Functional Capacity ("RFC").

The Magistrate Judge agreed with Plaintiff, finding in the R&R that, although there was substantial evidence in the record to support the ALJ's conclusions with respect to Plaintiff's impairments, there was not substantial evidence in the record regarding the effect of Plaintiff's anxiety and depression on her ability to work. The Commissioner objects to the R&R's conclusion, arguing that there was substantial evidence in the record to support the ALJ's determination that Plaintiff was not disabled.

## II.     DISCUSSION

### A.     Standard of Review

This Court's review of the Social Security Administration Commissioner's decision is

> to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

### B.     Record Development on Plaintiff's Impairments

As is set forth in the R&R, to succeed in overturning the ALJ's decision, Plaintiff must show that the ALJ failed to fully develop the record on an issue, and that this failure was prejudicial to her. (R&R at 23.) There is little doubt that the ALJ did not fully develop the record on Plaintiff's mental impairments. The Commissioner argues that there was sufficient evidence in the record from which the ALJ could evaluate Plaintiff's mental impairments. (Obj. at 6.) The Commissioner's argument, however, misses an important point: there may have been

evidence in the record regarding Plaintiff's diagnosis of anxiety and depression, but there was scant evidence in the record regarding how Plaintiff's anxiety and depression affected her ability to work. Indeed, no medical expert testified specifically as to the effect of Plaintiff's mental impairments on her RFC. The lack of record development on this issue was, as the R&R found, prejudicial to Plaintiff: her application for benefits was denied, but a subsequent application that contained more evidence regarding her mental impairments and the effect of those impairments on her daily functioning was granted.

Because the record before the ALJ was not sufficiently developed and that lack of record development prejudiced Plaintiff, a remand to the Commissioner is warranted.

### III. CONCLUSION

Plaintiff has established that the record before the ALJ was not fully developed on the issue of her RFC in light of what the ALJ found were her substantial mental impairments. On remand, the Commissioner should fully develop the record on this issue.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation [Doc. No. 22] is **ADOPTED**;
2. Plaintiffs' Motion for Summary Judgment [Doc. No. 9] is **GRANTED in part and DENIED in part**;
3. Defendant's Motion for Summary Judgment [Doc. No. 12] is **DENIED**; and
4. The case is **REMANDED** to the Commissioner for development of the Administrative Record consistent with the Report and Recommendation and this Order.

Dated: August 11, 2011

                                                 s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge